DAVID STODDARD v. FLEMINGSBURG & POPLAR PLAINS TURNPIKE ROAD CO.

**Damages—Recovery for Injury—Negligence.**

> It is the duty of a turnpike company to keep its road free from obstructions and upon its failure to do so must answer in damages resulting from an injury by reason of its neglect of duty.

**Duty of Turnpike Company.**

> When an obstruction such as a road roller is left standing on the roadway late in the afternoon, without the knowledge or fault of the company or its agent and before the company had a reasonable opportunity of knowing of the obstruction, the company cannot be held liable for damages to a traveler on the road whose horse scared at the obstruction and ran away, especially where it is shown that the obstruction remained in the road only over night.

OPINION BY JUDGE PRYOR:

The evidence in this case upon the part of the plaintiff in the court below (appellant in this court), shows that the wooden roller was seen near the traveled portion of appellee's road late one evening about sundown, and the next morning was seen in an adjacent field, being then in use by its owner; that early in the morning succeeding the day in which it had been left on the roadside, the appellant was driving on the road when his horse became frightened at the roller, and the result was a serious injury to appellant by being thrown from the vehicle in which he was riding. It is shown that there was an embankment of from four to six feet near this part of the road, but nothing in the proof showing that it was dangerous, and not in a condition for all the ordinary purposes of travel; on the contrary, the proof shows that the cause of the accident was the scare of the horse at the roller on the roadside. There is no evidence that any of the officers of the road had notice that the roller was within the boundary of the road; nor does it appear that it had been there long enough for those superintending the road, by the exercise of the proper diligence, to have ascertained the fact.

It does appear from the evidence on the part of the appellee, that the toll-gate keeper passed the owner of the roller at the time the latter was unhitching his horses, when about to leave it on the roadside. This was late in the evening preceding the morning on which the accident happened. It seems that this agent of the company was only employed to keep the toll-gate, and occasionally beat rock upon the road. It was no part of his duty to remove obstructions from the road; nor was the nature of his employment such as to authorize the court to say that notice to him was notice to the company. Nor does it even appear that the toll-gate keeper had any notice, except the fact that the owner of the roller was taking his horses from it as the gate keeper passed the road. It is the duty of turnpike companies to keep their roads free from obstructions, and upon their failure to do so must answer in damages resulting from an injury by reason of this neglect of duty. Yet when an obstruction is placed upon the road without the knowledge or fault of the company or its agent, and before the company had a

reasonable opportunity of ascertaining that the obstruction existed, for an injury to the traveler resulting by reason of it, the company is not responsible.

Upon the appellant's own testimony, no verdict, if rendered, could be sustained. The evidence on the part of the defendant, and which seems to be admitted in argument, about which, however, there can be no controversy, is that the owner left the roller in or near the fence adjoining the road near sundown one evening, and removed it between sunrise and eight o'clock the next morning. It can hardly be said that in a case like this, where no one connected with the management of the road had notice of the obstruction, that the company should be deemed guilty of negligence. A court or jury has the right to look to the nature of the country through which the road runs, the amount and character of travel upon it, in order to determine the question of negligence. A turnpike company is not an insurer of all who go upon its road against all the accidents incident to travel. The road must be free from obstructions and in a condition to answer all the ordinary purposes of travel. There are locations on a road where more pains should be taken to prohibit the traveler from danger than at others; a defect in a road running through a town or densely populated village might be regarded as dangerous, when the same defect upon a turnpike running through the country would be held not to be so. 2 Hilliard 399. Although these questions are for the jury to determine, if there is no negligence on the part of the party charged, the court, as in other cases, should instruct the jury to find for the defendant. We are satisfied that upon the facts of this case a verdict could not be upheld. It is, therefore, immaterial whether the instructions were proper or not; the defendant was entitled to the finding.

Judgment *affirmed.*

*Cord & Alexander, John Rodman, for appellant.*
*Phister & Andrews, for appellee.*